## B. Kubricht v. The State.

### No. 2262.    Decided June 4, 1902.

**1.—Libel—Baptismal Record of a Bastard—Evidence Sufficient.**

On a trial for libel by a minister for entering a baptismal record in the church register, of the birth and name of a bastard child, where it appeared that the libelee had been tried and acquitted of the seduction of the mother of the child, but thereafter, at the baptism of said child, the mother gave the name of the libelee as the father of the child to the minister in April, and libelee having heard of it, protested to the minister against the entry of the same in the church registry a month before said entry was made, but the minister, after being fully apprised of the facts, insisted upon making the entry as given by the mother unless she agreed to the change, which she would not do, whereupon the minister made said entry in the church registry; Held, he was guilty of libel.

**2.—Same—Statutes Construed.**

Articles 742, et seq., Penal Code, makes a false statement, entered upon the minutes or records of proceedings of any corporate body or association, a libel if made with a malicious intent or intent to injure.

Appeal from the County Court of Austin. Tried below before Hon. John P. Bell, County Judge.

Appeal from a conviction of libel; penalty, a fine of $100.

The case is sufficiently stated in the opinion.

*Method Pazdoral* and *J. S. Brewer,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The information charges appellant with libel, in substance, that he, with malicious intent, etc., entered

on the birth record of the church of which he was the minister the following: "Vlasta Anna Alzbeta. Born 7th September, 1900, in Wesley, Texas. Baptized 8th April, 1901, in Wesley, Texas. Father of child, Frank James. Mother of child, Julie Pomikal. Sponsors, Frank and Anna Psencik. Acting minister, B. Kubricht." That by making such entry it charged James (prosecutor) with being the father of the child, which record was public and open to the inspection of the public, etc. That said child was a bastard, and that by making said entry he was charging the prosecutor with the crime of seduction and of being the father of a bastard child, etc., which held him up to contempt among honorable men, and for the purpose of bringing him in disrepute, etc.

The main contention is that the evidence does not support the conviction. The facts in substance show that the mother of the child, accompanied by the sponsors, presented the child for baptism on the 8th of April, 1901; that the baptism occurred and a memorandum was taken by the minister at the time, but it was not entered upon the church record until some time during the month of July following. Hearing of the baptism and the charge made by its mother, that prosecutor was the father of the bastard, prosecutor's father approached the minister in regard to the matter, and requested him to erase that portion of the entry from the register which showed prosecutor to be the father of the child. This occurred in June, a month before the entry was made by the minister in the church register. Among other things he stated to the minister that his son was not guilty of the offense of seduction; nor was he the father of the child. The minister insisted that the facts stated by the mother that prosecutor was the father of the child should go upon the record; that he had no authority to change it; that it was the custom of the church for the minister to make these entries, and that the girl had given prosecutor's name as the father of the child. Appellant's attention was called to the fact, which he seemed to have known anyway, that the imputed father had been tried and acquitted of the crime of seduction, but he insisted upon making the entry, which he did finally about a month later. Appellant himself testifies substantially to the same fact; but said that, if the mother of the child would agree to it, he would not make the entry upon the register charging the imputed father with the paternity of the child. The mother would not agree, and he accordingly made the entry some time during the month of July. This, perhaps, is a sufficient statement of the case. We are of opinion that the evidence is sufficient. Appellant knew long before the entry upon the record of the trial and acquittal of the imputed father on the charge of seduction, but insisted that he had no power to refrain from placing the statemen of record imputing its paternity, as stated by the mother; and yet agreed, if she would recant her statement, that he would change the record or rather refrain from making the entry. This entry upon the church record, naming prosecutor as the father of the child, occurred

after the trial and after the conversations above mentioned. The substance of this testimony is that appellant, knowing the fact that the imputed father had been acquitted of seduction, and having been requesed not to make the entry upon the church record and hold him up in the records of the church as the father of a bastard, that appellant, without just cause and evidence, did place of record this false imputation against the character of the imputed father. This was certainly calculated to bring him into disrepute with his neighbors; and under all the circumstances, it occurs to us, would constitute a libel within the definition of our statute.

Appellant denied the malicious intent, and assumes the truth of the girl's statement that the party libeled was the father of the child. Appellant had all the facts in connection with the case before him long prior to making the entry upon the record. He made it upon the ex parte statement of the girl, and declined to refrain unless the girl would consent. Certainly it would not be asserted that the laws of a Christian church would require its minister to enter a falsehood upon the records of his church. Holt v. Parsons, 23 Texas, 1. Appellant seems to rely upon article 742, Penal Code, which provides: "Where any person by virtue of his office is required to record the proceedings of any department of the government or of any body corporate or politic, or of any association organized for purposes of business, or as a religious, moral, benevolent, literary or scientific institution, he can not be charged with libel for any entry upon the minutes or records of such department, body or association made in the course of his official duties." It seems that the church of which appellant was the minister was an incorporated body, by the custom of which, though not by its law, he kept a register of the birth and baptism of each infant of the members of the church, together with the name of the parents and sponsors. This, under the testimony, was his authority and only authority for making these entries. The following article, however, provides that, "If any false statement be entered upon the minutes or record of proceedings of any corporate body or association included within the meaning of the preceding article, which would be libel if written, printed, published or circulated by an individual, according to the previous articles of this chapter, the persons, being members of such body or association, who assent to and direct such libelous statement to be made, are guilty of libel under the same rules as if the false statement had been written, published or circulated in any other manner than as a part of the record or proceedings of such body or association, subject, however, to the restrictions contained in the succeeding article." The succeeding article provides that the statements referred to in the preceding article are not presumed to be made with intent to injure from the mere fact that such would be the natural result thereof, unless it appear from other facts that the statement was in fact made with that intention. If it be conceded that these articles apply to the case in hand, then it may be answered that

the facts justify the jury in finding that the entry upon the baptismal record charging the prosecutor with the paternity of the bastard are sufficiently shown; the acts, deportment and language and testimony of appellant himself justify the jury in arriving at their conclusion, for appellant himself testified that he was fully aware of the acquittal of seduction of the imputed father long before the entry upon the baptismal record, and that he agreed not to make the entry if the mother would consent thereto, but as she refused he made the entry. The article of the statute referred to makes defendant liable if the entry is made with malicious intent. As we view the record, the evidence is sufficient. The charge as given by the court and supplemented by appellant's requested instruction we think fully and correctly charges the law applicable to the case. The judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]